UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| CHRISTOPHER C. OWENS, | ) |
| | ) |
| Plaintiff | ) |
| | ) |
| vs. | ) CASE NO. 2:21-cv-47 |
| | ) |
| VALUE SELF STORAGE LLC, | ) |
| | ) |
| Defendant. | ) |

***COMPLAINT FOR DAMAGES AND REQUEST FOR TRIAL BY JURY***

Plaintiff Christopher C. Owens ("Owens"), by his counsel and for his of action against Defendant Value Self Storage LLC ("Value Self Storage"), states as follows:

*I.  FACTUAL ALLEGATIONS*

1. Owens resides in Terre Haute, Vigo County, Indiana.

2. Value Self Storage operates several self storage lots throughout the country. On its website, Value Self Storage states it operates storage units in Canton, Ohio, Terre Haute, Indiana and soon in Anderson, South Carolina.

3. In late Summer 2020, Value Self Storage hired Owens to construct and assemble storage units at its Terre Haute, Indiana facility. Owens' friend, Dustin Dean, was also hired around that same time and helped Owens get the job. Owens and Dustin Dean were hired by a supervisor named "Larry."

4. Larry promised Owens wages at Fifteen Dollars ($15.00) per hour. Owens worked six days per week, ten hours per day. Value Self Storage, acting through Larry the supervisor, paid Owens his wages in cash each week. Value Self Storage paid Owens for all sixty (60) hours each week at his $15.00 base rate, but did not pay Owens at an overtime

premium of one and one-half time his regular rate for the twenty (20) hours each week that Owens worked in excess of forty hours (overtime hours). This failure to pay overtime occurred every or virtually every week Owens worked for Value Self Storage. Owens estimates that he worked more than 250 overtime hours during his employment for Value Self Storage and that he is owed overtime premiums (an additional $7.50/hour for each overtime hour) for each overtime hour he worked.

5. Larry learned that Value Self Storage, acting through Larry the supervisor, was paying Dustin Dean at Twenty Dollars ($20.00) per hour to perform the exact same construction and assembly work as Owens was performing. Owens and Mr. Dean were hired at the same time, had the same skills, and did the same work under the same circumstances at the same time and location.

6. Owens is African American. His friend and coworker Dustin Dean is Caucasian. Larry the supervisor is Caucasian. Value Self Storage always had at least three employees at its Terre Haute site, but on occasions it employed more than three.

7. Owens' race - African American - is the only difference between Owens and Dustin Dean. Race discrimination is the reason Value Self Storage was paying Owens so much less per hour in wages than his similarly situated Caucasian coworker.

8. Owens did good work for Value Self Storage and met all of his employer's reasonable expectations.

9. In early December 2020, Dustin Dean was having a health problem. Owens thought Mr. Dean had been checked into a hospital, but that was not the case. Owens and Dean had an argument about the matter that was heard by Larry the supervisor. Larry told Owens and Dean that he did not want drama and that he was going to let both of them go because of the

argument. This statement was not true. In fact, Larry only fired Owens. Dustin Dean, the Caucasian coworker, remained employed.

10. Owens is the victim of race discrimination. Owens was fired for a reason - participation in an argument - that his similarly situated Caucasian coworker was not. But for the fact that Owens is African American, Owens would not have been terminated.

11. Owens is bringing claims of race discrimination under the Civil Rights Act of 1866, 42 USC § 1981, against Value Self Storage based upon its discriminatory termination of his employment and its discrimination in payment of his wages. Owens is also bringing a claim for unpaid overtime under the Fair Labor Standards Act ("FLSA") or, alternatively, under the Indiana Minimum Wage Law of 1965.

12. Owens is seeking all available damages, including all back pay and benefits, reinstatement or front pay and benefits, unpaid overtime wages, liquidated damages, plus all other available equitable relief, and all available compensatory damages and punitive damages. He is seeking payment of all of his reasonable attorney's fees, costs and expenses.

13. By way of this Complaint, Owens seeks to vindicate his rights and the rights of other African Americans to fair and equal opportunity in employment.

## II. JURISDICTION AND VENUE

14. This Court has jurisdiction over the subject matter of this Complaint pursuant to 28 U.S.C. § 1331 as Owens' claims under the Civil Rights Act of 1866 and the FLSA raise federal questions of law. This Court has supplemental jurisdiction over Owens' alternatively-pleaded claim under the Indiana Minimum Wage Law of 1965, which is based upon a set of facts common to his federal claims.

15. Venue is proper in this Court pursuant to 28 U.S.C. § 1391, because the unlawful

conduct alleged herein was and is now being committed in the Southern District of Indiana.

### III.  PARTIES

16. At all times relevant to this action, Owens has been domiciled in and resided in Terre Haute, Vigo County, Indiana.

17. Value Self Storage employed Owens to work for it at its Terre Haute, Vigo County, Indiana facility.

### IV.  STATEMENT OF CLAIMS

#### A.  Race Discrimination Claims Under 42 USC § 1981

18. Owens alleges and incorporates herein by reference paragraphs 1 through 17 above.

19. Owens had an employment relationship with Value Self Storage, thereby creating a relationship that is contractual in nature between Owens and Value Self Storage.

20. Value Self Storage's discriminatory actions have violated Owens' rights which are protected by the Civil Rights Act of 1866, 42 U.S.C. § 1981.

21. Specifically, Owens was treated in a disparate and less favorable manner in the terms, conditions and privileges of his employment as compared to other similarly situated Caucasian co-workers.  Owens was discriminatorily disciplined and ultimately terminated by Value Self Storage.  Owens was discriminated against in his hourly rate of pay as well.

22. As a direct and proximate result of Value Self Storage's discriminatory practices, Owens has found it necessary to retain the services of an attorney and is therefore entitled to his reasonable attorney's fees, costs and expenses in this matter.

23. By way of this Complaint, Owens specifically alleges that Value Self Storage intentionally and/or with reckless disregard, discriminated against him in the terms, conditions

and privileges of his employment on the basis of his race.  As a direct result of this discrimination, Owens has suffered substantial damages.

24. Owens is seeking from Value Self Storage all available damages under 42 USC § 1981, including all available back pay and benefits, reinstatement or front pay and benefits, all available compensatory damages, punitive damages, his attorney's fees, expenses and costs, plus any and all other equitable relief.

### B. Claims Under the Fair Labor Standards Act

25. Owens incorporates herein by reference paragraphs 1 through 24 above.

26. Value Self Storage is an "enterprise," as that term is defined by the FLSA, covered by the overtime and minimum wage provisions of the FLSA.  Value Self Storage is an "employer," as that term is defined by the FLSA.  Value Self Storage is a "person" as that term is defined by the FLSA.

27. Value Self Storage violated Owens' right to be properly paid overtime wages in a manner required by the FLSA.  Specifically, Owens was a non-exempt employee and Value Self Storage was required to pay Owens for each hour he worked and pay him at an overtime premium rate for any and all hours worked each week in excess of forty (40).

28. Value Self Storage's failure to comply with the FLSA's provisions regarding overtime compensation was willful and without justification.

29. Owens seeks all available damages, including unpaid overtime compensation, liquidated damages, payment of reasonable attorney's fees, costs and expenses, and any and all other damages to which he may be entitled for the Defendant's violations of the Fair Labor Standards Act.

### C. Alternatively-Pleaded Claims for Unpaid Overtime Compensation Under the Indiana Minimum Wage Law of 1965

30. Owens incorporates herein by reference paragraphs 1 through 29 above.

31. While Owens believes Value Self Storage's income from three storage facilities will subject it to coverage under the FLSA, from an abundance of caution, Owens pleads this claim under the Indiana Minimum Wage Law of 1965 in the alternative in the event that Value Self Storage does not meet the FLSA's definition of "enterprise."  If Value Self Storage is not covered in any way by the FLSA, then Value Self Storage is definitely an "employer" as that term is defined by the Indiana Minimum Wage Law of 1965 at I.C. 22-2-2-3, with two or more employees at all times relevant to the events described in this complaint.

32. Owens was a non-exempt employee.  Value Self Storage violated the Indiana Minimum Wage Law of 1965's overtime provisions by failing and refusing to pay Owens at an overtime rate (one and one-half times his regular rate) for the many hours Owens worked in excess of forty in many calendar weeks.

33. Value Self Storage's failure to comply with the Indiana Minimum Wage Law of 1965's provisions regarding overtime compensation was and is willful and without justification.

34. Owens seeks all available damages, including unpaid overtime compensation, liquidated damages, payment of reasonable attorney's fees, costs and expenses, and any and all other damages to which he may be entitled for Value Self Storage's violations of the Indiana Minimum Wage Law of 1965.

### V.  PRAYER FOR RELIEF

WHEREFORE, Plaintiff Christopher C. Owens respectfully requests that the Court enter judgment against Defendant Value Self Storage LLC in his favor for Defendant's violations of his rights under the Civil Rights Act of 1866, for violations of the FLSA and/or the Indiana Minimum Wage Law of 1965, and issue to him all available relief, including, but not limited to,

the following:

1. All damages available under the Civil Rights Act of 1866, including all lost wages and benefits, all available compensatory and punitive damages, plus payment of his reasonable attorney's fees, costs and expenses;

2. All damages available under the FLSA, including all unpaid overtime wages, all liquidated damages, and payment of all reasonable attorney's fees, costs and expenses;

3. All damages available under the Indiana Minimum Wage Law of 1965, including all unpaid overtime wages, all liquidated damages, and payment of all reasonable attorney's fees, costs and expenses;

4. Costs;

5. Pre-judgment interest, if available; and

6. Any and all other relief just and proper in the premises.

Respectfully submitted,

HASSLER KONDRAS MILLER LLP


By/s/Robert P. Kondras, Jr.
Robert P. Kondras, Jr.
Attorney No. 18038-84
100 Cherry Street
Terre Haute, IN 47807
(812) 232-9691
Facsimile: (812) 234-2881
kondras@hkmlawfirm.com


***REQUEST FOR TRIAL BY JURY***

Comes now Plaintiff Christopher C. Owens, by his counsel, and hereby requests a trial by jury, on all issues which may be tried to a jury.

> HASSLER KONDRAS MILLER LLP
> 100 Cherry St.
> Terre Haute, Indiana 47807
> (812) 232-9691
>
>
> By /s/Robert P. Kondras, Jr.
>    Robert P. Kondras, Jr.
>    Attorney No. 18038-84
>    Attorney for Plaintiff
>    kondras@hkmlawfirm.com